

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-18-00496-CV

**IN THE INTEREST OF M.A.S.L.** and K.J.L., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01773
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice
Concurring Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: December 19, 2018

I concur in the judgment but write separately because I would hold the evidence adduced at trial does not support the trial court's finding that termination of Manuel's parental rights would be in the children's best interest.

There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). In addition, "the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a). In determining the best interest of a child, we consider the non-exhaustive *Holley* factors. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).

In this case, the Department did not introduce any evidence demonstrating the *Holley* factors weigh in favor of a finding that termination of Manuel's parental rights is in the children's

best interest. There was no evidence regarding: (1) the desires of the children[1]; (2) the present and future emotional and physical needs of the children; (3) any present and future physical danger to the children; (4) Manuel's parental abilities; (5) the programs available to assist Manuel; (6) the stability of Manuel's home; or (7) any acts or omissions by Manuel indicating his relationship with the children is improper. *See id.* (listing factors). Manuel testified he plans to provide a stable home for the children after his release from incarceration, which he expected to be either the day of trial or the next day. The evidence demonstrates Manuel's previous failure to provide a stable home was due to his incarceration.

In fact, the only direct discussion of the children's best interest took place during the examination of the third caseworker, who testified she believes it is in the children's best interest to remain with Manuel's sisters because K.J.L. stated she is ready to move to her aunt's home to live with her brother, M.A.S.L. The caseworker also testified she believes it is in the children's best interest not to be reunited with their parents because "they have a right to live in a drug free, criminal-free, violent-free [*sic*] environment and live in stable homes with families who can provide for their basic needs." Manuel testified that following his release from incarceration, he would live with his grandmother and the children would be welcome to live there as well. Manuel testified he has plans to "better [him]self" and create a stable home for his children, and he testified he would avail himself of any programs available to him, including submitting to drug testing. There is no evidence in the record demonstrating Manuel cannot or is unwilling to provide a drug-free, criminal-free, violence-free, stable home for his children following his release from incarceration.

---

[1] At the time of trial, two of Manuel's sisters were separately fostering K.J.L. and M.A.S.L., and the sister fostering M.A.S.L. expressed a willingness to adopt both children. The third caseworker testified K.J.L. expressed a desire to live with her brother but did not indicate whether either child preferred to live with Manuel's sisters rather than with Manuel.

For these reasons, I would hold the trial court's judgment should be reversed because the evidence is factually and legally insufficient to support the trial court's finding that termination of Manuel's parental rights is in the children's best interest.

Sandee Bryan Marion, Chief Justice